UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOURBON PROPERTIES, LLC and C.A.M. MANAGEMENT, INC.,<br><br>　　　　Defendants. | No. 2:14-cv-02949-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Scott Johnson seeks damages and injunctive relief against Defendants Bourbon Properties, LLC and C.A.M. Management for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers when attempting to access Defendants' store in Stockton, California. Plaintiff now moves for summary judgment. ECF No. 29. For the reasons that follow, Plaintiff's Motion is GRANTED.

**BACKGROUND**

Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts, ECF No. 29-2, ¶¶ 1–2. He

1

drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. Id. ¶ 2. On February 28, 2014, Plaintiff visited Defendants' store, American Event Rental, where he discovered that though the store offered parking spaces for its customers, none of the spaces had been designated for use by persons with disabilities. Id. ¶¶ 5–6. Because of the lack of van-accessible parking, Plaintiff was forced to leave. Id. ¶ 9. He then attempted to return on three other occasions, but was again deterred from patronizing the store due to the lack of van-accessible parking. Id. ¶ 11.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of

material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)). Defendants do not dispute that Plaintiff is disabled or that the store in question is a place of public accommodation. Furthermore, "[t]here is no dispute that Defendants['] property was not fully ADA compliant when Plaintiff first visited." Defs.' Resp., ECF No. 32, at 1. However, Defendants contest the amount of damages available to Plaintiff under the Unruh Civil Rights Act due to the property's non-compliance.

The Unruh Civil Rights Act provides, in relevant part: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also

constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act. Plaintiff seeks damages for two violations, that is, $8,000: "one for the February 28, 2014[,] visit and one for all the many times he was deterred from visiting." Pl.'s Mem. of P & A in Supp. of Mot. for Summ. J. ("MSJ"), ECF No. 29-1, at 10. Defendants contend that Plaintiff is entitled only to damages for one visit, that is, $4,000. Defs.' Resp., at 2. Defendants argue that Plaintiff's multiple attempted visits were not reasonable "in light of Plaintiff's obligation to mitigate his damages." Id. at 1.

Defendants rely solely on California Civil Code § 55.56(h), which states: "This section does not alter the applicable law for the awarding of injunctive or other equitable relief for a violation or violations of one or more construction-related accessibility standards, nor alter any legal obligation of a party to mitigate damages."[1] However, "[t]his section does not create a duty to mitigate, but merely states that where one exists, the section does not alter said duty." Johnson v. Guedoir, No. 2:14-CV-00930-TLN-AC, 2016 WL 6441611, at *5 (E.D. Cal. Oct. 31, 2016). Defendant argues that "Plaintiff has not established that his multiple visits to Defendants' property were 'reasonable' or necessary." Defs.' Resp., at 2. However, Plaintiff seeks damages from only one visit along with one instance of being deterred from patronizing the store. The California Civil Code specifically contemplates both types of Unruh Act violations, see Cal. Civ. Code § 55.56(b), (d), and Defendants have not shown that any duty to mitigate damages in relationship to deterrence arises once a plaintiff has been denied access to a place of public accommodation, see Guedoir, 2016 WL 6441611, at *5–6 (finding Scott Johnson, the same plaintiff as in this case, entitled to damages for two Unruh violations—one from denial and one from deterrence). Accordingly, Plaintiff is entitled to $8,000 in damages.

///

---

[1] It appears as though Defendants' "reasonableness" language comes from a prior version of the statute cited. See Cal. Civ. Code § 55.56(h) (2014). The current version came into effect on May 10, 2016. See Act of May 10, 2016, ch. 13, 2016 Cal. Stat. 63. Plaintiff provides no authority as to the applicability of the earlier version to the instant motion.

5

**CONCLUSION**

For the reasons provided, Plaintiff's Motion for Summary Judgment, ECF No. 29, is GRANTED. Defendants are enjoined to make their property compliant with the Americans with Disabilities Act and the Court awards Plaintiff statutory damages in the amount of $8,000.

IT IS SO ORDERED.

Dated: September 12, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE