UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-02949-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BOURBON PROPERTIES, LLC and C.A.M. MANAGEMENT, INC., | |
| Defendants. | |

Through this suit, Plaintiff Scott Johnson sought damages and injunctive relief against Defendants Bourbon Properties, LLC and C.A.M. Management for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff had encountered various physical barriers when attempting to access Defendants' store in Stockton, California. On May 1, 2017, the Court granted Plaintiff's motion for summary judgment, awarding injunctive relief and $8,000 in statutory damages. ECF No. 36. Judgment in favor of Plaintiff was entered the same day. ECF No. 37. Plaintiff now moves for attorney's fees, ECF No. 38, and that motion is GRANTED in part. Plaintiff is entitled to $13,557.50 in attorney's fees and $4,584.65 in litigation expenses.[1]

---

[1] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**STANDARD**

Both the ADA and Unruh Civil Rights Act permit the prevailing party in disability access litigation to recover reasonable attorney's fees and costs. Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "[A] prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). Furthermore, violations of the Unruh Civil Rights Act entitle a plaintiff to "any attorney's fees that may be determined by the court." Cal. Civ. Code § 52.

"A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). The court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." Hensley, 461 U.S. at 431. However, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434). Although district judges "need not, and should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento,

///

2

534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

**ANALYSIS**

Plaintiff seeks $22,479.65 in attorney's fees and costs. Defendants challenge the amount sought on three bases: (1) certain tasks should have been delegated to more junior attorneys, (2) the time taken to conduct certain tasks was excessive, and (3) the hourly rates requested by Plaintiff's attorneys are unreasonably high. As detailed below, the Court finds the first and second of these challenges unavailing, but agrees that the hourly rate sought for the work of Plaintiff's attorneys is excessive. Furthermore, the Court's own review of the records provided by Plaintiff's attorneys reveals that certain billed tasks are unreasonable.

3

## A.    Reasonable Hours

Defendants contend that the billing is "top heavy." Defs.' Opp'n to Mot. for Attorney's Fees, ECF No. 39, at 1. Specifically, Defendants claim that Plaintiff's counsel, Mark Potter, a partner at the firm which represented Plaintiff, improperly billed hours for tasks that could have been completed by more junior attorneys. See id. at 1–2. However, a "district court may not set the fee based on speculation as to how other firms would have staffed the case." Moreno, 534 F.3d at 1114. At the same time, though, Plaintiff agrees that the seven hours he estimated for Potter "to review opposition brief, draft the reply brief, [and] attend oral argument" for the instant motion, Mot. for Attorney Fees, Ex. 2, ECF No. 38-3, at 3, are excessive, especially given that the matter was submitted without oral argument. See Reply, ECF No. 40, at 4. Accordingly, Potter's hours are reduced by six, leaving one hour billed for drafting the reply.

In addition, the Court finds several other line items billed to Potter to be unreasonable: (1) 0.2 hours for having "instructed assistant to send reminder to client re settlement conference"; (2) 0.2 hours for having "reviewed order re continued settlement conference; instructed staff to notify client"; (3) 0.2 hours for having "instructed assistant to send reminder to client re settlement conference"; (4) 0.2 hours for having "reviewed order re settlement conference"; (5) 0.1 hours for "Reviewed order re lifting stay"; (6) 0.1 hours for having "reviewed order continuing hearing of MSJ"; (7) 0.1 hours for having "reviewed order vacating MSJ hearing"; and (8) 0.2 hours for having "instructed staff to contact court clerk re status of MSJ ruling." Mot. for Attorney Fees, Ex. 2, at 2–3. It is questionable at best to bill for instructing staff to do something as simple as, for example, "send reminder to client re settlement conference," let alone twelve minutes. The Court finds these billings unreasonable. Moreover, the orders that Potter billed between six to twelve minutes to review are simple minute orders containing at most three sentences. See e.g., Minute Order, ECF No. 18 (lifting a stay of the case); Minute Order, ECF No. 35 (vacating the hearing on Plaintiff's motion for summary judgment). The Court

///

4

1  finds these billings similarly unreasonable, and accordingly reduces Potter's

2  compensable hours by 2.1.

3       Finally, Defendants challenge associate Isabel Masanque for having billed an

4  hour to read deposition transcripts since "[t]he depositions did not even last for one

5  hour." Id. Defendants' argument is unavailing, however, since the challenged billing

6  encompasses not merely reading the transcripts, but also reviewing them and taking

7  notes. See Mot. for Attorney Fees, Ex. 2, at 5. Defendants also fail to provide how long

8  the depositions took or to otherwise provide a methodology by which Masanque's billing

9  could be reduced if the amount of time was unreasonable.

10       **B.     Reasonable rates**

11       The Court, though, agrees with Defendants that the hourly rate sought by Potter—

12  $350—is excessive. In a similar case in March 2016, involving the same plaintiff and law

13  firm, this Court found Potter's $350 hourly rate unreasonable. Johnson v. Kamboj LLC,

14  No. 2:14-cv-00561-MCE-AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16, 2016).

15  Instead, the Court found $300 per hour to be reasonable and granted attorney's fees on

16  that basis. Id. The Court here finds that a reasonable rate for Potter is $325 per hour as

17  the prior award of $300 was determined over a year ago and was based on a survey of

18  cases collected almost two years ago. See id. (citing Johnson v. San, No. 2:15-cv-162-

19  JAM-EFB, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015)).

20       Plaintiff also seeks $200 per hour for four associates with between about four and

21  eight years of experience: Isabel Masanque, Teresa Allen, Dennis Price, and Amanda

22  Lockhart. See Decl. of Mark Potter, ECF No. 38-2, ¶¶ 8–11; Mot. for Attorney Fees,

23  Ex. 2, at 5–9. In Kamboj, this Court found rates of $150 for these attorneys reasonable,

24  since "[c]ourts in the Eastern District of California have regularly approved hourly rates

25  of . . . $150–175 for associates" and their experience made rates "at the lower end for

26  associates" appropriate. 2016 WL 1043719, at *3 (alterations in original) (first quoting

27  Estrada v. iYogi, Inc., No. 2:13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal.

28  Jan. 26, 2016); then quoting Johnson v. Wayside Prop. Inc., No. 2:13-cv-1610 WBS AC,

2014 WK 6634324, at *8 (E.D. Cal. Nov. 21, 2014)).  For similar reasons, the Court finds hourly rates of $175 reasonable for these attorneys in this case.

Pursuant to the Court's above modifications, the appropriate lodestar award in this case is $13,557.50:

Potter:        12.6 x $325 = $4,095

Grace:        4.6 x $250 = $1,150

Masanque:   19.5 x $175 = $3,412.50

Allen:         11.1 x $175 = $1,942.50

Price:         1.3 x $175 = $227.50

Lockhart:     15.6 x $175 = $2,730

Given the "strong presumption . . . that the lodestar figure represents a reasonable fee," Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted), and since neither Plaintiffs nor Defendants seek a multiplier or reduction to the lodestar, no further adjustment to the lodestar is warranted.

**C.     Litigation expenses**

Plaintiff also seeks $4,584.65 in litigation expenses. Defendants challenge only the six hours spent by Gary Waters to conduct a cite survey of Defendants' property. Defs.' Opp'n to Mot. for Attorney's Fees, at 2.  Defendants, however, provide no support for their contention that "[c]ustomarily these reports take no more than one hour to prepare," id., and therefore Defendants' challenge is rejected.  Plaintiff's requested litigation expenses are reasonable and awarded in full.

////

////

////

////

////

////

////

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Attorney's Fees, ECF No. 38, is GRANTED in part.  Defendants shall pay Plaintiff $13,557.50 in attorney's fees and $4,584.65 in litigation expenses for a total of $18,142.15.  The Clerk of Court is directed to file an amended Judgment which not only requires Defendants to make the subject property compliant with the ADA and awards the sum of $8,000 in statutory damages (as previously adjudged on May 1, 2017) but also requires payment of the aforementioned fees and expenses of $18,142.15.

IT IS SO ORDERED.

Dated:  March 28, 2019

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE